

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-18-2007

# Lopez-Rosado v. USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2888

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Lopez-Rosado v. USA" (2007). *2007 Decisions.* Paper 1085.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1085

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-2888

UNITED STATES OF AMERICA

v.

CARLOS LOPEZ-ROSADO,

Appellant

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 04-cr-00189-4)
District Judge:  Honorable William W. Caldwell

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
May 7, 2007

Before:  RENDELL, JORDAN and HARDIMAN, *Circuit Judges*.

(Filed:  May 18, 2007 )

OPINION

HARDIMAN, *Circuit Judge*.

        Carlos Lopez-Rosado pleaded guilty to one count of distribution and possession

with intent to distribute cocaine hydrochloride and marijuana, in violation of 21 U.S.C.

§ 841(a)(1). At sentencing on December 20, 2004, the District Court determined that Lopez-Rosado had an offense level of 33 and a criminal history category of I, which resulted in a Sentencing Guideline range of 135 to 168 months.[1] The District Court imposed a sentence of 148 months of imprisonment, three years of supervised release, and $2,100, which included a fine of $1,000, community restitution of $1,000, and a special assessment of $100.

Lopez-Rosado filed a timely appeal challenging only his sentence, arguing that the District Court: (1) treated the Guidelines as mandatory in violation of *United States v. Booker*, 543 U.S. 220 (2005);[2] (2) violated his Sixth Amendment right to trial by jury by engaging in judicial factfinding; (3) erred in finding that the quantity of cocaine hydrochloride involved was at least fifteen but less than fifty kilograms; and (4) erred in enhancing his sentence for leadership role because he did not have an opportunity to object to the enhancement. Because Lopez-Rosado's first argument requires that his sentence be vacated and remanded, we address that argument alone.

---

[1] The District Court found a base offense level of 34, then assessed a two-level enhancement for leadership role and a three-level downward departure for acceptance of responsibility.

[2] Although Lopez-Rosado did not file a direct appeal from his sentence, the District Court by order of May 25, 2006 permitted him to file a direct appeal *nunc pro tunc* based on allegations made in his 28 U.S.C. § 2255 motion that he wanted to file a direct appeal but his counsel did not file one on his behalf. The Government here agrees that Lopez-Rosado is thus in the same position as defendants sentenced before *Booker* but pursuing a direct appeal after *Booker*.

We have established a general policy to vacate and remand all sentences for "defendants sentenced under the previously mandatory regime whose sentences are being challenged on direct appeal." *United States v. Davis*, 407 F.3d 162, 165 (3d Cir. 2005) (en banc). As we reasoned in *Davis*, we are unable to "ascertain whether the District Court would have imposed a greater or lesser sentence under an advisory framework." *Id.* at 164-65. It is undisputed in the instant case that the District Court sentenced Lopez-Rosado under the mandatory Sentencing Guidelines framework in effect prior to *Booker*. The Government thus concedes that Lopez-Rosado should be resentenced.

Furthermore, in the instant appeal the other sentencing issues that Lopez-Rosado raises are best determined by the District Court in the first instance. *See id.* at 166. The Government also concedes that "[a]ny matter that the Appellant wishes to raise at that time concerning the enhancement for role in the offense or regarding drug quantity can be taken up before the district court."

Accordingly, we will vacate the sentence and remand this case for resentencing in accordance with *Booker* and *Davis*.